UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH RICHMOND,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 17-cv-10199-ADB<br>*<br>*<br>*<br>*<br>* |

## MEMORANDUM AND ORDER GRANTING
## TEMPORARY RESTRAINING ORDER

BURROUGHS, D.J.

Plaintiff Deborah Richmond filed this action on February 6, 2017, seeking to prevent Defendant Wells Fargo Home Mortgage from foreclosing on her home, located at 32 Clover Road in Holbrook, Massachusetts. [ECF No. 1]. The same day, Richmond filed a motion for a preliminary injunction to delay the foreclosure sale scheduled for February 24, 2017. [ECF No. 2]. The Court held status conferences on February 16 and 17, 2017, in order to ensure that Wells Fargo was notified of this lawsuit, was represented by counsel, and had an opportunity to object to the motion. At the February 17 hearing, which was requested by Wells Fargo, counsel for Wells Fargo represented that he was attempting to contact his client but had not yet ascertained its position on the motion for a preliminary injunction.

At this time, the Court will consider Richmond's motion as a motion for a temporary restraining order because Wells Fargo, although given notice and represented by counsel, arguably did not have enough time to prepare for the February 17 hearing so as to allow the meaningful participation contemplated by Federal Rule of Civil Procedure 65. In considering a

motion for a temporary restraining order (TRO), the Court examines the same four factors that apply to a motion for a preliminary injunction. See, e.g., Kilmowicz v. Deutsche Bank Nat'l Trust Co., Civ. A. No. 16-40081-TSH, 2016 WL 3541540, at *1 (D. Mass. June 23, 2016); Nzaddi v. Dep't of Corr., Civ. A. No. 12-10876-RGS, 2012 WL 1853580, at *4 (D. Mass. May 18, 2012). Those factors are: "1) the movant's likelihood of success on the merits; 2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; 3) the balance of hardships between the parties; and 4) any effect that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014).

In this case, the potential for irreparable harm is so great that it strongly compels a finding that a TRO is required. If the home is foreclosed upon before Richmond has an opportunity to litigate her case, she will no longer be able to obtain meaningful redress. Richmond has also indicated a reasonable likelihood of success on the merits, based on the argument that the pending foreclosure may be the result of a miscommunication. The balance of hardships favors Richmond, who stands to lose her home, in contrast to Wells Fargo, which will face a brief delay in being able to foreclose on the home. Finally, the public interest weighs in favor of ensuring that the foreclosure is lawful before it is allowed to proceed.

Wells Fargo shall file an answer to the complaint by February 28, 2017. If Wells Fargo opposes Richmond's motion for a preliminary injunction, it shall file a brief in opposition by March 1, 2017. The TRO shall remain in effect until 12:00 PM on March 3, 2017. Before the TRO expires, the parties shall inform the Court whether they agree to an extension. If not, the Court will schedule a hearing.

Accordingly, Defendant Wells Fargo Home Mortgage is hereby <u>ENJOINED</u> from conducting the scheduled foreclosure sale on Plaintiff Richmond's home, located at 32 Clover Road in Holbrook, MA, prior to March 3, 2017.

**SO ORDERED.**

February 17, 2017 /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
U.S. DISTRICT JUDGE